GRACE W. DICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 74629. Promulgated July 27, 1934.

*Arthur G. Croninger, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1931 in the amount of $4,585.39. The question involved is whether, in determining the profit from the sale of certain land owned by the petitioner, a full-blood Quapaw Indian, which land was owned on and prior to March 1, 1913, but was restricted as to alienation for 25 years, the value at the date of the removal of the restriction, or the fair market value on March 1, 1913, should be used as the basis for computing the gain derived in 1931 on the sale of the property. The facts were stipulated.

The petitioner, Grace W. Dick, is carried on the Quapaw census as a full-blood Quapaw Indian.

On September 17, 1900, one Huldah Quapaw White died, leaving the property described and under the conditions set out in a certain patent issued by the United States. This patent, dated September 26, 1896, contained the following provisions:

Now, KNOW YE, That the United States of America in consideration of the provisions, and in conformity with the provisions in said Act of Congress approved March 2, 1895, the order and Schedule of allotments aforesaid, has given and granted and by these presents *does* give and grant unto the said HULDAH QUAPAW WHITE and to her heirs, the said tract above described,; but with the stipulation and limitation contained in the aforesaid Act that the land embraced in this patent shall be inalienable for the period of Twenty-Five years, from and after the date hereof;

To HAVE AND TO HOLD the same, together with all the rights, privileges, immunities, and appurtenances of whatsoever nature thereunto belonging, unto the said Huldah Quapah White and to her heirs forever;

PROVIDED, as aforesaid that said tract shall be inalienable for the said period of Twenty-Five years.

In Case No. 387, Equity, U.S. Court, Miami, May term of 1905, it was duly decreed that George Red Eagle and Grace Sacto, now Grace W. Dick, were the sole heirs of Hulda Quapaw White and that

the land described in the patent should be partitioned equally between said heirs.

The land inherited by the petitioner and duly partitioned, and set off to her as her absolute property by the decree referred to above, consisted of 100 acres described as the NW. ¼ of SE. ¼ and W. ½ of SW. ¼ of SE. ¼ and the SE. ¼ of SW. ¼ of Section 21, Township 29 North, Range 23 West, now situated in Ottawa County, Oklahoma.

The land described in the preceding paragraph had a value of $5,000 on March 1, 1913.

Lead and zinc ores were discovered on the land on or about November 15, 1915, and mining operations were thereafter carried on.

The petitioner sold this land in May 1931 for $50,000.

The value of the land, including surface and ore-bearing value, was as follows:

| | |
|---|---:|
| Value on September 26, 1921 | $109,319.49 |
| Less: | |
| Depletion sustained from Sept. 26, 1921, to date of sale | 60,538.96 |
| Basis for determining gain on sale in this proceeding in the event petitioner's position is sustained | 48,780.53 |

It was agreed between the parties that if the Board should find that the petitioner is entitled to compute the profit in question on a " cost value " as of September 26, 1921, reduced by depletion sustained to May 1931, there is no deficiency due, but that if the gain on the sale in May 1931 is properly to be based on the agreed March 1, 1913, value, as held by the respondent, the correct deficiency is $4,585.39.

The Revenue Act of 1928 provides:

SEC. 113. BASIS FOR DETERMINING GAIN OR LOSS.

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913 shall be the cost of such property; except that—

\*          \*          \*          \*          \*          \*          \*

(b) *Property acquired before March 1, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be:

    (1) the cost of such property (or, in the case of such property as is described in subsection (a) (1), (4), (5), or (12) of this section, the basis as therein provided). or

    (2) the fair market value of such property as of March 1, 1913, whichever is greater. \* \* \*

It is clear that the property in this case was acquired by the petitioner before March 1, 1913. The gain from the property was derived when it was sold in 1931. There was a restriction on the alienation of this property for the period of 25 years from the 26th day of September 1896. It is contended by the petitioner that to use the March 1, 1913, value as a basis would be equivalent to imposing a

**1306**

tax upon the increased value of the property during the period of restriction on the sale. And it is contended that the basis for determining gain or loss should be the value of the property at the date of the removal of the restriction.

When this property was sold in 1931 any income derived from the sale was taxable to the petitioner in the same way as income would be taxable in the case of any other taxpayer. The quoted provisions of the statute make no provision as to the limitation upon any income which may be subject to tax if it is subject to tax at all in connection with the sale of property by full-blood Indians or any other persons. Admittedly in this case income was derived from the sale of the property. The only question is what is the basis to be used in determining the gain subject to tax. Since all of the gain derived in this case was from the sale of the property which occurred at the time when it was taxable, we see no provision of the statute which would permit the use of any other basis than the March 1, 1913, value, since it was owned prior to that date.

The March 1, 1913, value was stipulated. The statute provides without any exception that that value must be used under the circumstances where a sale is made subsequent to that date.

The taxpayer in this case did not acquire the property on the date of the removal of the restriction, but acquired it admittedly prior to March 1, 1913.

We see no merit in the contention that to use the March 1, 1913, value would amount to subjecting to tax property not taxable. The mere increase in value of property is not gain derived or income, but income is derived from the sale of property, which occurred in 1931, when any income so derived is taxable. We therefore affirm the determination of the respondent.

Reviewed by the Board.

*Judgment will be entered for the respondent.*